# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWOOD ODISH,<br><br>    Petitioner,<br><br>v.<br><br>LORETTA LYNCH, et al.,<br><br>    Defendants. | Case No. ED CV 16-683 PA (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses the action without prejudice: (a) as moot due to Petitioner's release from immigration detention; and (b) for failure of a pro se litigant to update his address with the Court.

\* \* \*

This is a habeas action commenced by an Iraqi national in immigration custody. Petitioner filed for habeas relief in early April 2016 to effect his release from detention. (Docket # 1.) Magistrate Judge Wilner screened the petition and issued an order requiring a response from the government. (Docket # 3.) That order informed Petitioner, among other things, of his responsibility under Local Rule 41-6 to keep the Court informed of his current contact information, and that

the failure to do so would subject the petition to dismissal. (Docket # 3 at 2.) The Court served the order on Petitioner at the detention facility listed on the face of the petition and on the electronic docket.

The United States Postal Service returned that order to the Court as undeliverable with the notation "released" stamped on the outside of the mailing envelope. (Docket # 5.) The Court issued an order to show cause why Petitioner's action should not be dismissed for: (a) mootness due to the release from custody; and (b) failure to update Petitioner's mailing address. (Docket # 6.) The Postal Service returned that order, too, with the same "released" stamp on its face. (Docket # 8.) To date, Petitioner has not updated his address with the Court.[1]

\* \* \*

Habeas corpus is a civil action that allows an individual in custody to challenge his or her confinement. An inmate's release typically renders a habeas action – which seeks the termination of custody – moot. See, e.g., Bonneau v. United States, 503 F. App'x 544, (9th Cir. 2013) (affirming dismissal of inmate's petition; petitioner "fully served the custodial portion of the sentences he is attacking at the time he filed his habeas petition[.] Therefore, the district court could not grant him any effective relief."); Marcelo v. Cate, 459 F. App'x 668 (9th Cir. 2011) (inmate released on parole cannot obtain habeas relief in federal court).

In the immigration context, a release from ICE custody will render a habeas action moot so long as a court is reasonably assured that that the petitioner "will not be re-detained" unless he or she violates the terms of release. De Gomez v. Baker, 606 F. App'x 409 (9th Cir. 2015) (citing Rodriguez v. Hayes, 591 F.3d 1105 (9th Cir. 2010)); see also Shetty v. Holder, 508 F. App'x 613 (9th Cir. 2013)

---

[1] Judge Wilner relieved the government of its obligation to respond to the petition based on Petitioner's release from custody. (Docket # 6 at 2.) Additionally, although the OSC required Petitioner to respond by mid-June, that date is rendered irrelevant by the Court's inability to deliver the order to him.

2

("The district court correctly dismissed Shetty's petition for habeas relief as moot after he was released from custody and his removal proceedings were terminated, as these were the primary forms of relief he sought in his habeas petition."). A habeas action rendered moot by agency action is properly dismissed for lack of jurisdiction. Mamigonian v. Biggs, 710 F.3d 936, 941 (9th Cir. 2013).

Additionally, Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

In the present action, the Court concludes that Petitioner's release makes this action moot. The returned mail from the immigration facility indicates that

Petitioner has been released from custody. (Docket # 5, 8.) That is the relief that Petitioner sought from this Court by his habeas action. Moreover, by failing to respond to the OSC, Petitioner has not convincingly demonstrated whether he faces any risk of reincarceration during the pendency of any deportation or removal proceedings. That makes Petitioner's habeas action moot, and ends this Court's jurisdiction over the matter. Mamigonian, 710 F.3d at 941; De Gomez, 606 F. App'x at 409.

The Court also finds dismissal appropriate on the basis of Petitioner's failure to provide the Court with up-to-date contact information. As a result, several of the Court's orders have been returned as undeliverable. The Court has no way of contacting Petitioner; that demonstrates that Petitioner has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to update this Court with his current whereabouts, thereby preventing any feasible advancement of the case. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's initial order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

1       Accordingly, for the above reasons, this action is DISMISSED without
2 prejudice as moot and because the Petitioner failed to update his address with the
3 Court as required by Rule 41(b) and Local Rule 41-6.
4       IT IS SO ORDERED.

Dated: May 17, 2016

_____
HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE